UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOMINIC ORLANDO, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) No. 4:14CV192 AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

Before the Court is movant's response to this Court's March 26, 2014 Memorandum and Order requiring him to show cause why his motion to vacate should not be dismissed as untimely. In his response brief, petitioner requests that the Court equitably toll the statute of limitations due to his counsel's actions in his underlying criminal case. After reviewing movant's arguments in full, as well as the record before this Court, the Court will deny movant's request for the foregoing reasons.

**Background**

On November 14, 2011, movant pled guilty to conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine. In connection with his plea, movant agreed to waive his right to appeal all non-sentencing issues, and further agreed to waive all sentencing issues other than the calculation of his criminal history in the event the Court agreed to the Sentencing Guideline calculation set forth in the plea agreement, and sentenced him within or below that sentencing guideline range. The appeal waiver provision was set forth in the written plea agreement movant signed (Case No. 4:11CR081 AGF, Doc. No. 315), and the Court specifically reviewed the waiver with movant at the time of his plea.

On February 10, 2012, the Court agreed to the sentencing guideline calculation set forth in the plea agreement, and sentenced movant to a total term of 97 months' imprisonment, which was below the estimated guideline range. At his sentencing, the Court advised movant that he had a right to appeal, of his right to proceed *in forma pauperis*, and that the Clerk of Court would prepare and file a notice of appeal upon his request. Movant was further advised that any notice of appeal must be filed within 14 days of the entry of judgment. Movant did not appeal. *U.S. v. Orlando*, 4:11CR81 AGF (E.D.Mo.).

On February 10, 2012, the date of sentencing, movant signed a Certification of Compliance with Local Rule 12.07(A) certifying that he had been fully informed of his right to appeal the final judgment in his case and declined to file a notice of appeal.[1] The Certificate of Compliance was filed by counsel three days later. According to the form signed by movant, he had instructed his counsel, John Stobbs, not to file a notice of appeal. *U.S. v. Orlando*, 4:11CR81 AGF (E.D.Mo.) [Doc. #440].

On June 21, 2012, movant filed a motion in his criminal action, *United States v. Orlando*, 4:11CR81 AGF (E.D.Mo.) [Doc. #447], seeking copies of his transcripts and other documents relating to his underlying criminal case. In his motion, movant asserted for the first time that he had expected his defense counsel to file a notice of appeal on his behalf, despite signing the Certification of Compliance with Local Rule 12.07(A) indicating otherwise. On June 28, 2012, the Court filed a Memorandum and Order [Doc. #448] denying movant's motion for transcripts, reminding movant of his signed Certification of Compliance with Local Rule 12.07(A) wherein he affirmed his desire not to appeal his conviction and sentence, and instructing movant

---

[1] Plaintiff's signing of the Certification of Compliance with Local Rule 12.07(A) was witnessed by another Officer of the Court, Attorney Talmage E. Newton, IV, as evidenced by the affidavit he executed relating to this case on October 29, 2013. (Attachment to Movant's Motion to Vacate, Doc. #1).

specifically about the time limitations he was subject to with respect to filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Specifically, movant was told in the Court's Memorandum, "Defendant is advised that the one-year limitations period for filing a § 2255 motion to vacate is running. *See* 28 U.S.C. § 2255(f). The Court will direct the Clerk to send Defendant a copy of the Court's § 2555 form should Defendant wish to file such an action."

Movant signed and placed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the prison mail system on January 27, 2014. As noted in the Court's March 26, 2014 Memorandum and Order, movant's statute of limitations expired on or about February 24, 2013, so he was approximately one year late in filing his motion to vacate. *See* 28 U.S.C. § 2255(f)(1); *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005) (an unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires); *see also*, Fed.R.App.P.4(b)(1) (judgment becomes final 14 days after the entry of the order being appealed). Thus, the Court ordered movant to show cause why his motion to vacate should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

## Discussion

Movant asserts that he should be entitled to assert the defense of equitable tolling in this action. Specifically, movant claims that "defense counsel's failure to timely file petitioner/defendant's timely requested NOTICE OF APPEAL. . ." and his attorney's "unprofessional conduct" towards him warrants equitable tolling of the statute of limitations.

The one year enumerated in § 2255(f) may be equitably tolled when a movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005); *Cross-Bey v.*

3

*Gammon*, 322 F.3d 1012, 1015 (8th Cir.2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir.2001) (holding that petitioner's inability to obtain counsel to represent him in pursuit of state post-conviction relief and failure of defense counsel to send petitioner his trial transcript until approximately eight months after his conviction was affirmed on direct appeal were not extraordinary circumstances beyond petitioner's control); *see also Preston v. Iowa*, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources); *Kreutzer*, 231 F.3d at 463 (holding that counsel's confusion about applicable statue of limitations does not warrant equitable tolling).

In this case, movant has not shown that any extraordinary and wholly external circumstances prevented him from seeking federal habeas corpus relief in a timely manner. And his vague assertions about his counsel's "unprofessional conduct" are not sufficient to allow equitable tolling. Regardless, our Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion). Thus, the Court can find no proper grounds for equitable tolling in this case.

The Court finds the rejection of equitable tolling especially relevant in this case given the factual record showing that movant engaged in a waiver of his right to appeal his conviction at the time of his plea, and by filing his Certification of Compliance with Local Rule 12.07(A). Thus, his assertions that he was almost a year late in filing his motion to vacate due to his defense counsel's "failure to file a notice of appeal" are simply belied by the record. Moreover, this Court warned movant of the time limitations inherent in filing a motion to vacate by Court Order on June 28, 2012, almost eight months prior to the expiration of his statute of limitations, and provided movant with a blank copy of a motion to vacate at that time. Thus, he was put on notice well before his limitations period expired that he would need to seek relief under the statute in a timely manner.

Having carefully reviewed movant's response brief, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. ' 2255.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. ' 2255 is **DENIED**. Rule 4 of the Rules Governing ' 2255 Proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. ' 2253.

Dated this 14th day of April, 2014.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE